**BURLEIGH v. SMITH et al.**

No. 1602.

Court of Appeal of Louisiana. First Circuit.

May 8, 1936.

A. V. Pavy and R. Lee Garland, both of Opelousas, for appellants.

W. C. Perrault, of Opelousas, for appellee.

OTT, Judge.

Plaintiff sues to recover damages in the sum of $2,000 against Mr. and Mrs. O'Niel Savoie and Moise Smith, in solido. Plaintiff is the father of Gussie Burleigh, daughter of Louise Savoie, deceased, who was the daughter of Mr. and Mrs. Savoie, defendants. Moise Smith is an uncle of the child by marriage, having married the sister of the child's mother. The suit is the second chapter in protracted and rather bitter litigation growing out of the custody of the child after the death of its mother. As is usual in such cases, the child is not only the innocent cause of this family quarrel, but, in the long run, it also will most likely be the principal sufferer.

After the death of the child's mother, both the child and its father resided with Mr. and Mrs. Savoie for several months. The father and the grandparents of the child had some trouble, and the father moved to the home of his father and mother, taking the child with him.

It is alleged that the grandfather, O'Niel Savoie, and Moise Smith, on December 31, 1930, went to the place where the plaintiff and the child were living, and, under a promise to return the child the same day secured permission from the father to take the child to the home of the grandparents; that instead of returning the child as agreed, the grandparents and said Smith informed the father that the child would not be returned.

Thereupon, plaintiff sued out a writ of habeas corpus in the district court of St. Landry parish in order to force the grandparents to surrender the possession of said child. On the trial of that proceeding the district court dismissed the suit of the plaintiff on March 27, 1931, thereby, in effect, awarding the custody of the child to the grandparents, Mr. and Mrs. Savoie. The plaintiff appealed from that judgment to the Supreme Court, and on July 5, 1932, the Supreme Court reversed the judgment of the district court and ordered the child restored to the custody of its father. A rehearing was granted by the Supreme Court, and a final decision was rendered in the case in favor of the plaintiff on January 3, 1933; three justices dissenting on the original hearing and on the rehearing. State ex rel. Burleigh v. Savoie et ux., 176 La. 115, 145 So. 285.

The defendants Mr. and Mrs. Savoie, in compliance with the decree of the Su-

preme Court, delivered the child to its father, the plaintiff, on January 7, 1933. On January 12, 1933, five days after his child was surrendered to him by the grandparents, plaintiff filed this suit against these maternal grandparents of the child and Moise Smith for damages on account of the illegal detention of the child for one year preceding the filing of this suit. Plaintiff alleges in his petition a conspiracy on the part of the defendants to abduct and obtain possession of said child by unfair and unlawful means, but as this alleged abduction took place on December 31, 1930, and as plaintiff only asks for damages sustained by reason of the unlawful detention of the child during the year preceding the filing of the suit, viz., from January 12, 1932, to January 12, 1933, it follows that the allegation as to the conspiracy and abduction on December 31, 1930, can have no consideration in his claim for the unlawful detention.

Defendants filed a joint plea of prescription and an exception of no cause of action. The exception of no cause of action was overruled, and the plea of prescription was sustained as to all damages claimed more than one year prior to the filing of the suit. This latter ruling did not change the issues, as the plaintiff only asked for damages for the year immediately preceding the filing of the suit.

Judgment was rendered in favor of plaintiff against all three defendants in solido for the sum of $250, and they appeal. The plaintiff has filed an answer to the appeal asking that the amount of damages be increased to $2,000.

■The whole ground of plaintiff's claim for damages is based on the alleged unlawful detention of his minor child by defendants from January, 1932, to January 7, 1933, the date on which the child was surrendered. Article 2315 of the Civil Code requires a person causing damage to another to repair the damage. This necessarily implies that the act which causes the damage must be unlawful or it must involve a breach of some duty due the person suffering the damage. We find the following admission made by counsel for both sides in the record:

"It is also admitted that during the year next preceding the filing of the present suit for damages the child was in the custody of the defendants Oniel Savoie and Mrs. Oniel Savoie under a judgment

of the District Court of the Parish of St. Landry which had awarded them the custody of the child, and which judgment was reversed on appeal by the Supreme Court."

■ From the above admission, as well as from the pleadings in the case, it will be seen that these defendants had the custody of the child under the authority of the court for the entire period of time for which damages are claimed for its wrongful detention. Under this state of facts, it is difficult to see wherein defendants can be said to have breached a duty which they owed the plaintiff. Defendants Mr. and Mrs. Savoie were authorized by the court to detain the child during that period of time, and it would be a rather anomalous situation to say that the same court which authorized these two defendants to keep the child should now condemn them in damages for doing what the court permitted and authorized them to do.

If it were necessary to search for an analogy to the situation here presented, it might be found in the protection given a person in detaining another under a warrant or writ from a court of competent jurisdiction. For a court of justice to invest a person with authority to detain a child, and then permit such person to be held liable in damages if later determined that the authority was not properly conferred, would render it a dangerous act to take possession of a child under an order of court until it was finally determined that that authority was properly conferred. Just as soon as the Supreme Court decided that these two defendants were not entitled to the custody of the child, they complied with that ruling of the Supreme Court just as they had previously complied with the judgment of the district court in giving them authority to keep the child.

■ We do not believe it necessary in this case to go into the question of whether defendants had probable cause to believe that they had a right to keep the child during this time, as the judgment of the district court giving them that right is sufficient cause to justify such a belief on their part. However, their detention of the child for this period of one year preceding the filing of the suit was not only under the judgment of the court, but that judgment was reversed by a divided court, three justices of the Supreme Court believing, as did the district judge, that these defendants, the grandparents, were entitled to the posses-

sion of the child. If further probable cause were needed, that circumstance certainly supplied it. In our opinion, the facts do not afford ground for awarding damages in this case.

For the reasons assigned, the judgment of the district court is annulled, avoided, and reversed, and it is now ordered that the demands of the plaintiff be dismissed, at his cost in both courts.